1    STELLA PADILLA (SBN 301590)
     *SPadilla@goodwinlaw.com*
2    **GOODWIN PROCTER LLP**
     601 South Figueroa Street, 41st Floor
3    Los Angeles, California 90017
     Tel.: +1 213 426 2500
4    Fax: +1 213 623 1673

5    Attorneys for Defendant
     SELECT PORTFOLIO SERVICING, INC.
6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **EASTERN DIVISION**

11   INEZ CLARA WASHINGTON on            **Case No.** 5:20-cv-01711-PSG-SP
     behalf of herself and all others similarly
12   situated,                          **DEFENDANT SELECT
                                         PORTFOLIO SERVICING, INC.'S
13              Plaintiff,               ANSWER TO CLASS ACTION
                                         COMPLAINT**
14        v.
                                         Complaint Served:  September 3, 2020
15   SELECT PORTFOLIO SERVICING,
     INC.,                               Judge:  Hon. Philip S. Gutierrez
16                                       Ctrm:   6A
                Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

1    Defendant Select Portfolio Servicing, Inc. ("Defendant" or "SPS"), by and
2    through its undersigned counsel, hereby answers and otherwise responds to the
3    Class Action Complaint ("Complaint") filed by Plaintiff Inez Clara Washington
4    ("Plaintiff").  SPS' responses are without waiving, and expressly reserving, all
5    rights that SPS has to file dispositive motions addressed to some or all of the claims
6    asserted in the Complaint.  Except as expressly admitted herein, each and every
7    allegation in the Complaint is denied.

8    With respect to the unnumbered paragraph preceding Paragraph 1, SPS states
9    only that Plaintiff purports to bring this action as alleged and otherwise denies the
10   allegations in the unnumbered paragraph preceding Paragraph 1, and specifically
11   denies that any class should be certified.

12   ## NATURE OF THE ACTION[1]

13   1.    With respect to the allegations in Paragraph 1, SPS admits it services
14   residential mortgage loans nationwide, including California, and states that the
15   remaining allegations in Paragraph 1 are vague and therefore require no response,
16   and to the extent a response is required SPS denies the remaining allegations in
17   Paragraph 1.

18   2.    With respect to the allegations in Paragraph 2, SPS admits only that it
19   sometimes charges a nominal "EZ Pay" fee to borrowers who request that SPS
20   provide them with the service of taking their monthly mortgage payments by
21   telephone or online, rather than through the United States mails or other no-fee
22   payment options SPS offers; denies that the EZ Pay fees are not authorized under
23   state debt collection law; denies that Plaintiff's mortgage loan agreement does not
24   authorize the EZ Pay fees; denies that the mortgage loan agreements of other
25   borrowers do not authorize the EZ Pay fees; and denies that the form of Plaintiff's
26   mortgage loan agreement is the same as the mortgage loan agreements for all of the

28   [1] For purposes of this Answer and for ease of reference, SPS adopts the headers
from Plaintiff's Complaint.

other putative class members.  SPS specifically denies that borrowers have to "pay" in order to "pay" their mortgage loans, and denies Plaintiff's terms and allegations referring to "Pay-to-Pay" transactions or fees.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 2.

3.      With respect to the allegations in Paragraph 3, SPS admits that it sometimes charges a nominal EZ Pay fee to borrowers who request that SPS provide them with the service of taking their monthly mortgage payments by telephone or online, rather than through the United States mails or other no-fee payment options SPS offers, and states that whether an EZ Pay fee is charged and the amount of the EZ Pay fee vary based on the borrower's circumstances, including the timing of the payment and whether the borrower requests a fee reduction or waiver, and that any fee that is charged will not exceed $15.00.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 contain conjecture and conclusions of law to which no response is required. To the extent a response is required, SPS denies the allegations, and specifically denies that the EZ Pay fees are not authorized under Plaintiff's mortgage loan agreement and the mortgage agreements of other borrowers, that the form of Plaintiff's mortgage loan agreement is the same as the mortgage loan agreements for all of the other putative class members, and that the EZ Pay fees are not authorized under applicable law.

5.      The allegations in Paragraph 5 are vague, speculative, without foundation, and contain conclusions of law and therefore no response is required. To the extent a response is required, SPS denies the allegations, and specifically denies that the EZ Pay fees are not authorized under Plaintiff's mortgage loan agreement and the mortgage agreements of other borrowers, that the form of Plaintiff's mortgage loan agreement is the same as the mortgage loan agreements for all of the other putative class members, and that the EZ Pay fees are not authorized under applicable law.

6.      With respect to the allegations in Paragraph 6, SPS admits only that Plaintiff was charged a nominal EZ Pay fee when she requested that SPS provide her with the service of taking her monthly mortgage payments by telephone, rather than through the United States mails (as her mortgage loan agreements provide) or other no-fee payment options SPS offers, states that Plaintiff purports to bring this action as alleged, otherwise denies the allegations in Paragraph 6, and specifically denies that any class should be certified and that Plaintiff or that any other putative class member is entitled to any relief.

## JURISDICTION AND VENUE

7.      The allegations in Paragraph 7 contain legal conclusions of law to which no response is required. To the extent a response is required, SPS admits it does business in California and that the personal jurisdiction of this Court over SPS is proper. Except as expressly admitted herein, SPS denies the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 contain conclusions of law to which no response is required. To the extent a response is required, SPS admits that Plaintiff has a mortgage loan secured by real property in this District. Except as expressly admitted herein, SPS denies the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 contain conclusions of law to which no response in required. To the extent a response is required, SPS admits that subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 9.

## PARTIES

10.      The allegations in the first sentence of Paragraph 10 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that Plaintiff is a natural person with a mortgage loan serviced by SPS, and states that it lacks sufficient knowledge or information to admit or deny where Plaintiff resides and therefore denies the allegation.  With respect to the

4

allegations in the second and third sentences of Paragraph 10, SPS admits that Plaintiff made her mortgage loan payments to SPS over the phone, including in November and December 2019, and was charged a $15.00 EZ Pay fee after she requested that SPS provide her with the service of taking the payments through that payment method rather than United States mails or other no-fee payment options SPS offers.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 10.

11.     Admitted.

## APPLICABLE LAW

**ROSENTHAL ACT**

12.     The allegations in Paragraph 12 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the Rosenthal Act and applicable law speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with the Rosenthal Act and applicable law.  Otherwise denied.

13.     The allegations in Paragraph 13 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the Rosenthal Act, including Cal. Civ. Code § 1788.2(c), speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the Rosenthal Act, including Cal. Civ. Code § 1788.2(c). Otherwise denied.

14.     The allegations in Paragraph 14 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the Rosenthal Act, including Cal. Civ. Code § 1788.2(f), speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the Rosenthal Act, including Cal. Civ. Code § 1788.2(f). Otherwise denied.

15.     The allegations in Paragraph 15 contain conclusions of law to which

no response is required. To the extent a response is required, SPS states that the Rosenthal Act, including Cal. Civ. Code § 1788.2(e), speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the Rosenthal Act, including Cal. Civ. Code § 1788.2(e). Otherwise denied.

16.    The allegations in Paragraph 16 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the Rosenthal Act, including Cal. Civ. Code § 1788.14(b), speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the Rosenthal Act, including Cal. Civ. Code § 1788.14(b). Otherwise denied.

17.    The allegations in Paragraph 17 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the Rosenthal Act, including Cal. Civ. Code § 1788.13(e), speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the Rosenthal Act, including Cal. Civ. Code § 1788.13(e). Otherwise denied.

18.    The allegations in Paragraph 18 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the Rosenthal Act, including Cal. Civ. Code § 1788.17, speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the Rosenthal Act, including Cal. Civ. Code § 1788.17.  Otherwise denied.

**THE CALIFORNIA UNFAIR COMPETITION LAW**

19.    The allegations in Paragraph 19 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that Cal. Bus. & Prof. Code § 17200 (the "UCL") speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with Cal. Bus. & Prof. Code § 17200.  Otherwise denied.

20.     The allegations in Paragraph 20 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the UCL speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the UCL.  Otherwise denied.

21.     The allegations in Paragraph 21 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the UCL speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the UCL.  Otherwise denied.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

22.     The allegations in Paragraph 22 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the FDCPA, 15 U.S.C. § 1692, *et seq.*, speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the FDCPA, 15 U.S.C. § 1692, *et seq.*  Otherwise denied.

23.     The allegations in Paragraph 23 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the FDCPA, including 15 U.S.C. § 1692e, speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the FDCPA, including 15 U.S.C. § 1692e.  Otherwise denied.

24.     The allegations in Paragraph 24 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the FDCPA, including 15 U.S.C. § 1692f(1), speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the FDCPA, including 15 U.S.C. § 1692f(1).  Otherwise denied.

25.     The allegations in Paragraph 25 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the FDCPA, including 15 U.S.C. § 1692k, speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the

FDCPA, including 15 U.S.C. § 1692k.  Otherwise denied.

26.      The allegations in Paragraph 26 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the FDCPA, including 15 U.S.C. § 1692a(3), speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the FDCPA, including 15 U.S.C. § 1692a(3).  Otherwise denied.

27.      The allegations in Paragraph 27 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the FDCPA, including 15 U.S.C. § 1692a(6), speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the FDCPA, including 15 U.S.C. § 1692a(6).  Otherwise denied.

28.      The allegations in Paragraph 28 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the FDCPA, including 15 U.S.C. § 1692a(6), speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the FDCPA, including 15 U.S.C. § 1692a(6).  Otherwise denied.

29.     The allegations in Paragraph 29 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the FDCPA, including 15 U.S.C. § 1692a(2), speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the FDCPA, including 15 U.S.C. § 1692a(2).  Otherwise denied.

30.      The allegations in Paragraph 30 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the FDCPA, including 15 U.S.C. § 1692a(5), speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the FDCPA, including 15 U.S.C. § 1692a(5).  Otherwise denied.

# FACTUAL ALLEGATIONS

## *The Mortgage Servicing Industry*

31.     The allegations in Paragraph 31 are vague, allege no facts as to SPS, general, without foundation, and speculative and therefore require no response.  To the extent a response is required, SPS admits that there are mortgage servicing companies, like SPS, that service mortgage loans and states that it lacks particularized knowledge or information sufficient to form a belief as to the practices of all mortgage lenders and servicers and therefore denies the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 purport to be a brief definition of a mortgage servicer and therefore require no response because they are vague, allege no facts as to SPS, general, without foundation, and speculative.  To the extent a response is required, SPS admits that it is a mortgage servicer, it receives payments, sends monthly statements, and manages escrow accounts for loans it services, and otherwise denies the allegations in Paragraph 32.

33.     The allegations in Paragraph 33 are vague, allege no facts as to SPS, general, without foundation, speculative, and contain conclusions of law and therefore require no response. To the extent a response is required, SPS states that any particular Deed of Trust or Note speaks for itself and is the best evidence of its contents, and otherwise denies the allegations in Paragraph 33.

34.     With respect to the allegations in the first sentence of Paragraph 34, SPS admits that it services mortgage loans throughout the United States. The allegations in the second and third sentences of Paragraph 34 are vague and summary in nature, and therefore SPS denies them because the terms and legal authority under which SPS services loans vary. To the extent a further response is required to the second and third sentences of Paragraph 34, SPS admits that it sometimes collects mortgage payments, charges fees, and initiates foreclosure on properties securing the deeds of trust and notes of borrowers whose loans it

services. SPS admits the allegations in the fourth sentence of Paragraph 34. Except as expressly admitted herein, SPS denies the allegations in Paragraph 34.

35. Denied.

36. SPS lacks knowledge or information sufficient to form a belief as to the allegations in the first and third sentences of Paragraph 36 and therefore denies them. SPS admits the allegations in the second sentence of Paragraph 36. SPS denies the allegations in the fourth sentence of Paragraph 36. Except as expressly admitted herein, SPS denies the allegations in Paragraph 36.

37. Denied.

***Named Plaintiff's Facts***

38. With respect to the allegations in Paragraph 38, SPS states that the Deed of Trust attached to the Complaint as Exhibit A speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with Exhibit A; SPS lacks knowledge or information sufficient to form a belief as to whether the property securing that Deed of Trust was Plaintiff's home at all times from the date of purchase to the present day, and therefore denies that allegation; and SPS lacks knowledge or information sufficient to form a belief as to whether the subject loan was obtained for the purposes alleged, and therefore denies that allegation. Except as expressly admitted herein, SPS denies the allegations in Paragraph 38.

39. With respect to the allegations in the first and second sentences of Paragraph 39, SPS states that the document attached to the Complaint as Exhibit B speaks for itself and is the best evidence of its contents, denies the allegations to the extent they are inconsistent with Exhibit B, and states that it otherwise lacks sufficient knowledge or information to admit or deny those allegations and therefore denies them. With respect to the allegations in the third sentence of Paragraph 39, SPS states that Plaintiff's Note speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent

with Plaintiff's Note.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 39.

40.    With respect to the allegations in Paragraph 40, SPS states that the Fannie Mae and Freddie Mac guidelines, including the Fannie Mae Guidelines for Single Family Loans, speak for themselves and are the best evidence of their contents, denies the allegations to the extent they are inconsistent with those guidelines, otherwise denies the allegations in Paragraph 40, and specifically denies that the Fannie Mae Guidelines for Single Family Loans prohibit the EZ Pay fees.

41.    With respect to the allegations in the first sentence of Paragraph 41, SPS admits, on information and belief, that Plaintiff received a letter from SPS dated November 5, 2019, states that the letter speaks for itself and is the best evidence of its contents, and denies the allegations in the first sentence of Paragraph 41 to the extent they are inconsistent with the letter.  In response to the allegations in the second sentence of Paragraph 41, SPS admits it collects payments and performs certain other services with respect to Plaintiff's mortgage loan on behalf of the lender and admits that Plaintiff separately asked SPS to provide her the service of accepting payments by phone.  With respect to the allegations in the third and fourth sentences of Paragraph 41, including footnote 1, SPS states that the document attached to the Complaint as Exhibit A speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with Exhibit A.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 41.

42.    The allegations in Paragraph 42 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the document attached to the Complaint as Exhibit A and applicable law speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with Exhibit A and applicable law.  Otherwise denied.

43.     Admitted, on information and belief.

44.     Denied.

45.     The allegations in Paragraph 45 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the document attached to the Complaint as Exhibit A speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with Exhibit A and applicable law.  Otherwise denied.

46.     The allegations in Paragraph 46 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that the documents attached to the Complaint as Exhibit C speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with Exhibit C.  SPS admits on information and belief that Plaintiff's loan was 45 days delinquent as of November 15, 2019.  Otherwise denied.

47.     Admitted.

48.     Admitted.

49.     With respect to the allegations in Paragraph 49, SPS admits that Plaintiff made loan payments over the phone on January 13, 2020 (which satisfied the payment due November 1, 2019), February 18, 2020 (which satisfied the payment due December 1, 2019), and March 11, 2020 (which satisfied the payment due January 1, 2020) and that Plaintiff was charged an EZ Pay fee for those payments, states that the document attached to the Complaint as Exhibit D speaks for itself and is the best evidence of its content, and denies the allegations to the extent they are inconsistent with Exhibit D.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 49.

50.     With respect to the allegations in Paragraph 50, SPS states that the document attached to the Complaint as Exhibit D speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with Exhibit D.  Otherwise denied.

51.     With respect to the allegations in the first sentence of Paragraph 51, SPS states that Plaintiff's mortgage agreement speaks for itself as to its terms and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the Plaintiff's mortgage agreement. With respect to the allegations in the second sentence of Paragraph 51, SPS admits that Plaintiff's payments on November 14, 2019, December 13, 2019, January 13, 2020, and February 18, 2020 were made on past-due amounts and after the grace period.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 51.

52.     Denied.

53.     The allegations in Paragraph 53 are vague, without foundation, and speculative and therefore require no response to the extent they concern "Fannie Mae model mortgages" without specifying which documents are the subject of the allegations. To the extent a response is required, SPS states that the document attached to the Complaint as Exhibit A speaks for itself and is the best evidence of its contents, denies the allegations to the extent they are inconsistent with Exhibit A, and denies that the language in the mortgage agreements of all other borrowers whose loans SPS services is the same as the language in Exhibit A.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 53.

54.     With respect to the allegations in Paragraph 54, SPS states that the document attached to the Complaint as Exhibit A speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with Exhibit A.  Otherwise denied.

55.     With respect to the allegations in Paragraph 55, SPS states that the document attached to the Complaint as Exhibit A speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with Exhibit A.  Otherwise denied.

56.     The allegations in Paragraph 56 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that

Plaintiff's Deed of Trust and the Rosenthal Act, including Cal. Civ. Code §§ 1788.13(e), 1788.14(b), and 1788.17, speak for themselves and are the best evidence of their contents, denies the allegations to the extent they are inconsistent with Plaintiff's Deed of Trust and the Rosenthal Act, including Cal. Civ. Code §§ 1788.13(e), 1788.14(b), and 1788.17; specifically denies that the EZ Pay fees are not authorized by Plaintiff's Deed of Trust; and specifically denies that charging EZ Pay fees to Plaintiff violated the Rosenthal Act or any other law.  Otherwise denied.

57.     The allegations in Paragraph 57 contain conclusions of law to which no response is required. To the extent a response is required, SPS states that Plaintiff's Deed of Trust and the FDCPA speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with Plaintiff's Deed of Trust and the FDCPA; specifically denies that the EZ Pay fees are not authorized by Plaintiff's Deed of Trust; and specifically denies that charging EZ Pay fees to Plaintiff violated the FDCPA or any other law. Otherwise denied.

58.     Denied.

59.     Denied.

60.     With respect to the allegations in Paragraph 60, SPS states that the document attached to the Complaint as Exhibit A speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with Exhibit A.  Otherwise denied.

61.     The allegations in Paragraph 61 require no response because they are based on a factual premise, that a third party provides relevant services, that is untrue.  To the extent a response is required, SPS denies the allegations in Paragraph 61.

62.     Denied.

63.     The allegations in Paragraph 63 are vague and incomprehensible and therefore require no response.  To the extent a response is required, SPS denies the

14

1  allegations in Paragraph 63.

2       64.    The allegations in Paragraph 64 contain conclusions of law to which

3  no response is required. To the extent a response is required, SPS states that prior to

4  filing the Complaint, Plaintiff's attorney sent SPS a letter, states that the letter

5  speaks for itself and is the best evidence of its contents, and denies the allegations

6  to the extent they are inconsistent with the letter.  Otherwise denied.

7       65.    The allegations in Paragraph 65 contain conclusions of law to which

8  no response is required. To the extent a response is required, SPS denies the

9  allegations in Paragraph 65.

10  **CLASS ACTION ALLEGATIONS**

11       66.    With respect to the allegations in Paragraph 66, SPS admits only that

12  Plaintiff purports to bring this lawsuit on behalf of putative classes. SPS denies all

13  other allegations in Paragraph 66, and specifically denies that any class should be

14  certified.

15       67.    The allegations in Paragraph 67 contain conclusions of law to which

16  no response is required. To the extent a response is required, SPS denies the

17  allegations in Paragraph 67, and specifically denies that any class should be

18  certified.

19       68.    With respect to the allegations in Paragraph 68, SPS admits only that

20  Plaintiff purports to bring this lawsuit on behalf of a putative class. SPS denies all

21  other allegations in Paragraph 68, and specifically denies that any class should be

22  certified.

23       69.    With respect to the allegations in Paragraph 69, SPS admits only that

24  Plaintiff purports to bring this lawsuit on behalf of a putative class. SPS denies all

25  other allegations in Paragraph 69, and specifically denies that any class should be

26  certified.

27       70.    Denied.

28       71.    The allegations in Paragraph 71 contain conclusions of law to which

15

no response is required. To the extent a response is required, SPS denies the allegations in Paragraph 71, and specifically denies that any class should be certified.

72.   The allegations in Paragraph 72, including subparts (a) through (1), contain conclusions of law to which no response is required. To the extent a response is required, SPS denies the allegations in Paragraph 72, including subparts (a) through (1), and specifically denies that any class should be certified.

73.   The allegations in Paragraph 73 contain conclusions of law to which no response is required. To the extent a response is required, SPS denies the allegations in Paragraph 73, and specifically denies that any class should be certified.

74.   The allegations in Paragraph 74 contain conclusions of law to which no response is required. To the extent a response is required, SPS admits only that Plaintiff has retained counsel, lacks knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 74, and therefore denies them, and specifically denies that any class should be certified.

75.   The allegations in Paragraph 75 contain conclusions of law to which no response is required. To the extent a response is required, SPS denies the allegations in Paragraph 75, and specifically denies that any class should be certified.

76.   The allegations in Paragraph 76 contain conclusions of law to which no response is required. To the extent a response is required, SPS denies the allegations in Paragraph 76, and specifically denies that any class should be certified.

## COUNT I

77.   SPS realleges and incorporates by reference its answers to Paragraphs 1–76 as if fully set forth herein.

78.   The allegations in Paragraph 78 contain conclusions of law to which

no response is required. To the extent a response is required, SPS denies the allegations to the extent they are inconsistent with Cal. Civ. Code § 1788.2, and specifically denies any violation.  Otherwise denied.

79.   Denied.

80.   The allegations in Paragraph 80 contain conclusions of law to which no response is required. To the extent a response is required, SPS denies the allegations to the extent they are inconsistent with Cal. Civ. Code § 1788.13(e), and specifically denies any violation.  Otherwise denied.

81.   Denied.

82.   Denied.

83.   The allegations in Paragraph 83 contain conclusions of law to which no response is required. To the extent a response is required, SPS denies the allegations to the extent they are inconsistent with Cal. Civ. Code § 1788.14, and specifically denies any violation.  Otherwise denied.

84.   Denied.

85.   Denied.

86.   Denied.

87.   Denied.

88.   Denied.

89.   The allegations in the first sentence of Paragraph 89 contain conclusions of law to which no response is required. To the extent a response is required, SPS denies the allegations to the extent they are inconsistent with the Rosenthal Act, including Cal. Civ. Code § 1788.17, and the FDCPA.  Otherwise denied.

90.   Denied.

91.   Denied.

## COUNT II

92.   SPS realleges and incorporates by reference its answers to Paragraphs

17

1  1–91 as if fully set forth herein.

2       93.    The allegations in Paragraph 93 contain conclusions of law to which no

3  response is required. To the extent a response is required, SPS denies the allegations

4  to the extent they are inconsistent with the UCL, Cal. Bus. & Prof. Code § 17200.

5  Otherwise denied.

6  **Unlawful Prong**

7       94.    The allegations Paragraph 94 contain conclusions of law to which no

8  response is required. To the extent a response is required, SPS denies the

9  allegations in Paragraph 94 to the extent they are inconsistent with the UCL.

10 Otherwise denied.

11      95.    Denied.

12      96.    The allegations Paragraph 96 contain conclusions of law to which no

13 response is required. To the extent a response is required, SPS denies the

14 allegations in Paragraph 96 to the extent they are inconsistent with the Rosenthal

15 Act, Cal. Civ. Code § 1788.2.  Otherwise denied.

16      97.    Denied.

17      98.    The allegations in Paragraph 98 contain conclusions of law to which

18 no response is required. To the extent a response is required, SPS denies the

19 allegations in Paragraph 98 to the extent they are inconsistent with the Rosenthal

20 Act, Cal. Civ. Code § 1788.13(e).  Otherwise denied.

21      99.    Denied.

22      100.   Denied.

23      101.   The allegations in Paragraph 101 contain conclusions of law to which

24 no response is required. To the extent a response is required, SPS denies the

25 allegations in Paragraph 101 to the extent they are inconsistent with the Rosenthal

26 Act, Cal. Civ. Code § 1788.14.  Otherwise denied.

27      102.   Denied.

28      103.   Denied.

104. Denied.

105. Denied.

106. Denied.

107. The allegations in the first sentence of Paragraph 107 contain conclusions of law to which no response is required. To the extent a response is required, SPS denies the allegations in Paragraph 107 to the extent they are inconsistent with the Rosenthal Act, including Cal. Civ. Code § 1788.17, and the FDCPA.  Otherwise denied.

108. Denied.

109. With respect to the allegations in Paragraph 109, SPS admits only that SPS continues to service Plaintiff's mortgage loan and the remaining allegations are denied.

## Unfair Prong

110. The allegations in Paragraph 110 contain conclusions of law to which no response is required. To the extent a response is required, SPS denies the allegations in Paragraph 110 to the extent they are inconsistent with the UCL. Otherwise denied.

111. Denied.

112. Denied.

113. With respect to the allegations in Paragraph 113, SPS admits only that SPS continues to service Plaintiff's mortgage loan and the remaining allegations are denied.

## COUNT III

114. SPS realleges and incorporates by reference its answers to Paragraphs 1–113 as if fully set forth herein

115. The allegations in Paragraph 115 contain conclusions of law to which no response is required. To the extent a response is required, SPS lacks knowledge or information sufficient to form a belief as to the primary purpose of the properties

securing the loans of Plaintiff and putative class members and therefore denies the allegations.

116.   The allegations in the first sentence of Paragraph 116 contain conclusions of law to which no response is required. To the extent a response is required, SPS admits only that it is a mortgage servicer and it attempts to collect, and collects, mortgage debt as a regular part of its business, and denies the allegations in the first sentence of Paragraph 116 to the extent they are inconsistent with 15 U.S.C. § 1692a(6).  The allegations in the second sentence of Paragraph 116 contain conclusions of law to which no response is required. To the extent a response is required, SPS admits on information and belief that Plaintiff's mortgage loan was more than 30 days past due when SPS started servicing it, states that Plaintiff's mortgage agreement and note speak for themselves and are the best evidence of their contents, denies the allegations to the extent they are inconsistent with Plaintiff's mortgage agreement and note, and denies the allegations in the second sentence of Paragraph 116 to the extent they are inconsistent with 15 U.S.C. § 1692a. Except as expressly admitted herein, SPS denies the allegations in Paragraph 116.

117.   The allegations in Paragraph 117 contain conclusions of law to which no response is required. To the extent a response is required, SPS denies the allegations to the extent they are inconsistent with 15 U.S.C. § 1692a(6). Otherwise denied.

118.   The allegations in Paragraph 118 contain conclusions of law to which no response is required. To the extent a response is required, SPS admits on information and belief that Plaintiff's mortgage loan was more than 30 days past due when SPS started servicing it, states that Plaintiff's Note speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with Plaintiff's Note, states that it lacks knowledge or information sufficient to admit or deny the allegations with respect to unidentified absent class

members and therefore denies them, and otherwise denies the allegations in Paragraph 118.

119.   SPS denies the allegations in the first sentence of Paragraph 119.  With respect to the remainder of Paragraph 119, SPS states that Plaintiff's Note speaks for itself and is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the Note. Except as expressly admitted herein, SPS denies the allegations in Paragraph 119.

120.   Denied.

121.   Denied.

122.   Denied.

**COUNT IV**

123.   SPS realleges and incorporates by reference its answers to Paragraphs 1–122 as if fully set forth herein.

124.   SPS admits the allegations in Paragraph 124 that, at Plaintiff's request, SPS entered into a contract with Plaintiff to provide the EZ Pay service to Plaintiff in exchange for payment of the EZ Pay fee, but denies that it breached that contract or any other contract.  SPS further states that Plaintiff's mortgage agreement speaks for itself and is the best evidence of its contents, denies the allegations to the extent they are inconsistent with Plaintiff's mortgage agreement, and denies that the agreement prohibits the EZ Pay fees and that charging the EZ Pay fees breaches the agreement.  The remaining allegations in Paragraph 124 that concern the contracts and transactions that SPS entered into with unidentified absent putative class members or other facts concerning such persons are too general and nonspecific and so are incapable of an individualized response, but to the extent a response is required SPS admits that from time to time it entered into similar contracts, at borrowers' requests, to provide the EZ Pay service and that it performed those contracts and did not breach any contracts in doing so.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 124.

125.   With respect to the allegations in Paragraph 125, SPS admits, on information and belief, that Plaintiff purchased real property securing the Deed of Trust, states that the document attached to the Complaint as Exhibit A speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with Exhibit A, and lacks knowledge or information sufficient to form a belief as to whether the property was Plaintiff's home at all times from date of purchase to the present day and therefore denies the allegation.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 125.

126.   SPS admits the allegations in the first sentence of Paragraph 126. The allegations in the second, third, fourth, and fifth sentences of Paragraph 126 contain conclusions of law to which no response is required. To the extent a response is required, SPS admits it collects payments and performs certain other services with respect to Plaintiff's mortgage loan on behalf of the lender, that it agreed to and did provide the EZ Pay service to Plaintiff on certain occasions, and states that the document attached to the Complaint as Exhibit A speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with Exhibit A.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 126.

127.   With respect to the allegations in the first sentence of Paragraph 127, SPS admits only that it has charged Plaintiff an EZ Pay fee on each occasion when she made her mortgage payments by phone.  With respect to the allegations in the second sentence of Paragraph 127, SPS admits that it charged Plaintiff a $15.00 EZ Pay fee when she made her mortgage payments by phone on November 14, 2019, December 13, 2019, January 13, 2020, February 18, 2020 and March 11, 2020. Except as expressly admitted herein, SPS denies the allegations in Paragraph 127.

128.   With respect to the allegations in Paragraph 128, SPS states that the Fannie Mae guidelines speak for themselves and are the best evidence of their contents, denies the allegations to the extent they are inconsistent with those

guidelines, otherwise denies the allegations in Paragraph 128, and specifically denies that the Fannie Mae guidelines prohibit the EZ Pay fees.

129.   Denied.

130.   The allegations in Paragraph 130 are vague, without foundation, and speculative and therefore require no response to the extent they concern "Fannie Mae model mortgages" without specifying which documents are the subject of the allegations. To the extent a response is required, SPS states that the document attached to the Complaint as Exhibit A speaks for itself and is the best evidence of its contents, denies the allegations to the extent they are inconsistent with Exhibit A, and denies that the language in the mortgage agreements of all other borrowers whose loans SPS services is the same as the language in Exhibit A.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 130.

131.   With respect to the allegations in Paragraph 131, SPS states that the document attached to the Complaint as Exhibit A speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with Exhibit A.  Otherwise denied.

132.   With respect to the allegations in Paragraph 132, SPS states that the document attached to the Complaint as Exhibit A speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with Exhibit A.  Otherwise denied.

133.   Denied.

134.   Denied.

135.   With respect to the allegations in the first sentence of Paragraph 135, SPS states that the document attached to the Complaint as Exhibit A speaks for itself and is the best evidence of its contents, denies the allegations to the extent they are inconsistent with Exhibit A, and otherwise denies the allegations in the first sentence of Paragraph 135. SPS denies the remaining allegations in Paragraph 135.

136.   Denied.

137.   Denied.

## **PRAYER FOR RELIEF**

138.   With respect to the allegations in the unnumbered paragraph entitled "Wherefore" ("Wherefore Paragraph") and Paragraph 138, SPS denies that Plaintiff and any putative class members are entitled to or should be provided any relief and specifically denies that any class should be certified.

139.   With respect to the allegations in the Wherefore Paragraph and Paragraph 139, SPS denies that Plaintiff and any putative class members are entitled to or should be provided any relief, including any damages, and specifically denies that any class should be certified.

140.   With respect to the allegations in the Wherefore Paragraph and Paragraph 140, SPS denies that Plaintiff and any putative class members are entitled to or should be provided any relief, including statutory damages and/or penalties, and specifically denies that any class should be certified.

141.   With respect to the allegations in the Wherefore Paragraph and Paragraph 141, SPS denies that Plaintiff and any putative class members are entitled to or should be provided any relief, including injunctive relief, and specifically denies that any class should be certified.

142.   With respect to the allegations in the Wherefore Paragraph and Paragraph 142, SPS denies that Plaintiff and any putative class members are entitled to or should be provided any relief, including expenses, costs of suit, and attorneys' fees, and specifically denies that any class should be certified.

143.   With respect to the allegations in the Wherefore Paragraph and Paragraph 143, SPS denies that Plaintiff and any putative class members are entitled to or should be provided any relief, including pre- and post-judgment interest, and specifically denies that any class should be certified.

144.   With respect to the allegations in the Wherefore Paragraph and

Paragraph 144, SPS denies that Plaintiff and any putative class members are entitled to or should be provided any relief, and specifically denies that any class should be certified.

### JURY DEMAND

The allegations in the unnumbered Paragraph following Paragraph 144 are a demand for a jury trial and require no response. To the extent a response is required, SPS denies that Plaintiff is entitled to trial by jury.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff lacks standing to assert the claims, in whole or in part.

### THIRD DEFENSE

Plaintiff's claims are barred or limited by all defenses, exceptions, and exclusions, statutory or otherwise, available under the FDCPA, including, but not limited to, bona fide error and those which provide that statutory coverage extends only to consumer transactions, debts, debt collectors, debt collection, and/or to debts in default when acquired, and SPS reserves and asserts all such defenses as if fully set forth herein.

### FOURTH DEFENSE

Plaintiff's claims are barred or limited by all defenses, exceptions, and exclusions, statutory or otherwise, available under the Rosenthal Act, including, but not limited to, bona fide error and those which provide that statutory coverage extends only to consumer transactions, debts, debt collectors, debt collection, and/or to debts in default when acquired, and SPS reserves and asserts all such defenses as if fully set forth herein.

### FIFTH DEFENSE

Plaintiff's claims are barred or limited by all defenses, exceptions, and

exclusions, statutory or otherwise, available under the the UCL, and SPS reserves and asserts all such defenses as if fully set forth herein.

## SIXTH DEFENSE

To the extent a statutory claim is derivative of or relies on proof of another statutory claim, the former claim is barred or limited to the extent applicable to that latter statutory claim.

## SEVENTH DEFENSE

Plaintiff's claim is barred or limited by principles of *in pari delicto*, unclean hands, wrongful inducement, fraud, estoppel, and unjust enrichment because Plaintiff knew that SPS was only offering and providing its special payment service with an expectation of payment of an "EZ Pay" fee and she induced SPS to provide that service with no intention of ultimately paying for it.

## EIGHTH DEFENSE

Plaintiff's claim is barred or limited by the doctrine of waiver and her acceptance of the benefit of SPS' special services with knowledge and awareness that she had no right to receive that service under the mortgage loan agreement and applicable law and her knowledge and awareness that SPS was only offering and providing that service with an expectation of payment of an "EZ Pay" fee.

## NINTH DEFENSE

Any injury or damage to Plaintiff should be offset by amounts owed by Plaintiff and in the amount of any benefits received by Plaintiff.

## TENTH DEFENSE

Plaintiff's claim are barred or limited by her voluntary payment and consent to the "EZ Pay" charges at issue.

## ELEVENTH DEFENSE

Plaintiff agreed to pay the "EZ Pay" fees in exchange for SPS' special payment service, which bars her claims.

## TWELFTH DEFENSE

Plaintiff has failed to join a necessary and/or indispensable party, and so the Complaint should be dismissed.

## THIRTEENTH DEFENSE

SPS hereby pleads and relies upon all rights and defenses that arise by virtue of the status, conduct, or rights of any third party that SPS serviced the loan for or acted on behalf of or in whose shoes it stands or whose rights it (or such third parties) obtained, including release, accord and satisfaction, and the protections of banking preemption.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred or limited because SPS always conducted itself in accordance with the contractual obligations owed to Plaintiff, or was excused therefrom by Plaintiff's own conduct.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred or limited because this suit is a breach of her agreement to pay the "EZ Pay" fees.

## SIXTEENTH DEFENSE

Plaintiff failed to mitigate her damages, if any, and/or otherwise has incurred damages as a consequence of her own actions or inaction, for which SPS is not legally responsible, and, therefore, Plaintiff cannot recover some or all of her alleged damages.

## SEVENTEENTH DEFENSE

The actions and "EZ Pay" fee charges by SPS were permitted, licensed and privileged by the federal court Order Preliminarily Approving Stipulated Final Judgment and Order as to Fairbanks Capital Corp. and Fairbanks Capital Holding Corp., *United States of America v. Fairbanks Capital Corp., Fairbanks Capital Holding Corp., and Thomas D. Basmajian*, Case No. 1:03-cv-12219 (D. Mass), Document No. 6, filed Nov. 21, 2003, and Modified Stipulated Final Judgment and

Order, *United States of America v. Select Portfolio Servicing, Inc. (formerly Fairbanks Capital Corp.), SPS Holding Corp. (formerly Fairbanks Capital Holding Corp.), and Thomas D. Basmajian*, Case No. 1:03-cv-12219 (D. Mass), Document No. 96, filed Sept. 6, 2007, and SPS' conduct with respect to Plaintiff was in compliance with those orders' requirements.

## EIGHTEENTH DEFENSE

Recovery on Plaintiff's claims is barred or limited because SPS acted reasonably and in good faith in reliance on the orders set forth in the Seventeenth Defense.

## NINETEENTH DEFENSE

This lawsuit is barred or limited to the extent it is an impermissible collateral attack on the orders set forth in the Seventeenth Defense.

## TWENTIETH DEFENSE

Plaintiff's claims implicate the orders set forth in the Seventeenth Defense, so this Court has no jurisdiction over this matter or should yield under the doctrine of primary jurisdiction.

## TWENTY-FIRST DEFENSE

The actions by SPS were consistent with, and permitted by, written and oral contracts, and applicable federal and state law, governing the conduct at issue, and to that extent cannot be the subject of a recovery in this action.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred or limited to the extent they overlap with other actions commenced on Plaintiff's behalf or in which Plaintiff might be a member of a class and/or the judgments in those actions, and this case should be dismissed, stayed or transferred based on such other actions.

## TWENTY-THIRD DEFENSE

All putative class allegations and claims should be stricken or dismissed, and any class certification motion should be denied, because this case is not appropriate

for certification as a class action under Federal Rule of Civil Procedure 23.

### TWENTY-FOURTH DEFENSE

To the extent Plaintiff seeks relief by way of a class action, there are limitations on total awards available under the FDCPA in the case of a class action, as set forth in 15 U.S.C. § 1692k, which limits the recovery in this case.  In addition, to the extent the class as pled is an impermissible attempt to evade the statutory caps, SPS reserves the right to oppose the scope of the certification order (if any) as being geographically limited in scope.

### TWENTY-FIFTH DEFENSE

With respect to absent class members, in the event Plaintiff is allowed to pursue class certification, SPS reserves all defenses and affirmative defenses, claims and issues individual to particular class members, including, but not limited to, the defenses of arbitration, bankruptcy, and/or that their claims may be barred or limited by principles of preemption, *res judicata*, collateral estoppel, claim preclusion, release, judgment, statute of limitations, laches, settlement, contractual permission, authorization, or waiver, or any of the defenses asserted in this Answer as to the claims of Plaintiff.

### TWENTY-SIXTH DEFENSE

SPS is not liable to Plaintiff because Plaintiff did not suffer any injury proximately caused by SPS.

### TWENTY-SEVENTH DEFENSE

SPS hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

SPS expressly reserves its right to amend this Answer, including, but not limited to, asserting additional defenses or making additional claims for future relief or in the event of any future change in the nature or scope of this lawsuit.

1

## **PRAYER FOR RELIEF**

2          WHEREFORE, having fully answered the Complaint, SPS respectfully

3    requests:

4          1. that the Complaint be dismissed with prejudice and that Plaintiff take

5    nothing thereby; and

6          2. that SPS be awarded its costs and disbursements herein, and a reasonable

7    attorneys' fee, to be taxed or awarded as provided by law.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SELECT PORTFOLIO SERVICING, INC.'S ANSWER TO CLASS ACTION COMPLAINT

1

2      Dated:  October 19, 2020              Respectfully submitted,

3

4                                           **GOODWIN PROCTER LLP**

5

6                                           By:*/s/ Stella Padilla*

7                                               Stella Padilla
                                                *SPadilla@goodwinlaw.com*
8                                               601 South Figueroa Street, 41st Floor
                                                Los Angeles, California 90017
9                                               Tel.: +1 213 426 2500
                                                Fax: +1 213 623 1673

10

11                                          Attorneys for Defendant
                                            SELECT PORTFOLIO SERVICING,
12                                          INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SELECT PORTFOLIO SERVICING, INC.'S ANSWER TO CLASS ACTION COMPLAINT